■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VITO ANDRIACCO, Appellant, et al., Defendant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant was convicted upon his plea of guilty to a violation of section 974 of the Penal Law which plea was entered after a pretrial motion to suppress certain evidence had been denied. A search warrant had been signed by a Judge of Buffalo City Court but when the suppression motion was made an indictment was pending in Erie County Court. The latter court should have decided the motion (Code Crim. Pro., § 813-e) and not remanded the motion, as it did, to the issuing Magistrate. The point is not raised on the appeal so we ignore the procedural defect. The affidavit upon which the warrant was issued was made by two members of the Buffalo Police Department. The allegations therein relating to anonymous telephone calls are, of course, valueless as there would be no way to test the reliablity of the informer. (Cf. *People* v. *Coffey*, 12 N Y 2d 443, 452.) The affidavit, however, contains further allegations relating to personal observations of the suspected premises made over a period of six days preceding the date of verification of the document by some three or four weeks. On each of these days during the hours from 10 in the morning to one in the afternoon some 10 persons were seen to enter the premises and leave in a minute or two. Some of these individuals had their outer garments full upon entering and empty when leaving from which the officers opined that the premises were used as a " policy drop." The Magistrate, while conceding the issue to be close, resolved it in favor of the sufficiency of the affidavit. It well may be that the Magistrate was correct (cf. *People* v. *White,* 16 N Y 2d 270; *People* v. *Rogers,* 15 N Y 2d 422) but upon argument of the appeal the People (without submitting a brief)

conceded that the affidavit was insufficient and that the judgment should be reversed and the indictment dismissed. We are not inclined to ignore this recommendation but make it clear that we have not reached the merits of the appeal. (Appeal from judgment of Erie County Court convicting defendant of violation of section 974 of the Penal Law, a misdemeanor.) Present— Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.